## ROLAND v NEWMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9422.    Decided Dec 24, 1928

Shields, P J, Houck and Lemert, JJ, of the 5th Dist. sitting.

Anderson & Lamb, Cleveland & Youngstown, for Roland.

McConnell, Blackmore & Cory, Cleveland, for Newman.

LEMERT, J

As to to the first grounds of error, plaintiff claims that the trial court committed error in refusing to charge plaintiff's request number five, it being the contention of the defendant herein that if the court had charged plaintiff's request number five, that the court would have virtually charged the jury that the defendant as a matter of law owed plaintiff no duty to use any care whatever as the automatic signal light was in his favor.

We note that the trial court in charging the jury charged request number one which is as follows:

"It was the duty of the driver of the taxicab, Ernest Newman, to exercise ordinary care; that is the kind and degree of care that ordinarily prudent and careful men would ordinarily exercise under the same or similar circumstances. Therefore if by the greater weight of the evidence you find that the driver of said taxicab as set out in the petition failed to do that which an ordinarily prudent and careful driver ordinarily would do under the circumstances, and such failure was a proximate cause of producing injury to plaintiff, then it would be your duty to find the defendants guilty of negligence."

The court refused to give request number five, which is as follows:

"If you find by the greater weight of the evidence that the plaintiff tried to cross the street there then the plaintiff in his attempt to cross the street on the night of the accident had a right to assume that the drivers of vehicles would exercise ordinary care in the operation thereof, and that the ordinances of the City, relating to speed and stopping of said taxicab, would not be violated, and in going across the street had a right to act upon that presumption."

A careful examination of the record in this case discloses that there is no substantial evidence as to the speed of the taxicab. In comparing request number five with the record evidence in this case, it will be noted that in this request to charge,

the court would necessarily have been compelled to assume several conditions of fact that are not substantiated by the record and having given charge number one as requested, as hereinbefore set forth, then to have charged the jury in accordance with the second charge as herein set forth, we believe the same would have been misleading if not prejudicial.

We believe that the law of this State is clear as set forth in the case of The Cleveland Axle Company vs Martin Zilch, 6 C. D. 700; 12 C. D. 578.

"It is not error for a trial court to refuse to submit to the jury certain special requests to charge, when such requests are, in substance, a repetition of what has already been charged."

On the second proposition, that of contributory negligence, we believe that in a suit of this kind to recover for injuries caused by being struck by an automobile, existance of any one of the following conditions may prevent recovery: Failure to look before crossing the street; looking and failing to see automobile; or proceeding across street in front of approaching machine, after seeing it.

The contention set forth by plaintiff in error in both argument and the written brief makes the claim that the court erred on the question of contributory negligence. We find this language used by the court in the charge to the jury as follows:

"If contributory negligence is suggested by plaintiff, however, then the burden is on him to remove or dispel this suggestion of negligence on his part, or if contributory negligence is not suggested by plaintiff's own evidence, then such contributory negligence as will defeat a recovery must be shown by the defendant."

We believe the word "suggestion" as used in this case in the sense in which it was used by the court below is entirely proper and in no way misleading.

The third claim of counsel for plaintiff in error in refusing to give certain charges as requested after argument, as we understand the law and request made after argument, is entirely discretionary with the court.

In view of the fact that the refusal of the court to charge as requested after argument being discretionary, and at least not subject to the same rules as requests to charge before argument, and in view of the fact that such misinterpretation and and certain weight might have been placed upon certain evidence, and in view of the fact that the court clearly and definitely charged the ordinance of the City of Cleveland, Ohio, there was no abuse of discretion in refusing to give the charges in the manner and the way in which they were worded as requested. As to who was guilty of negligence in this case and whose acts contributed thereto, was a matter solely for the jury to determine from all the evidence and under the instructions from the trial judge.

Therefore, we find no error in this case prejudicial to the rights of the plaintiff in error herin, and the finding and judgment will be affirmed. Exceptions may be noted.

Shields, PJ, and Houck, concur.